**FILED**

MAY 0 3 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CORA LEE A. SCHWAGEL-NORDQUIST, | * | |
| | * | |
| | * | 1:10-CV-01022 |
| Plaintiff, | * | |
| | * | ORDER AND |
| -vs- | * | OPINION |
| | * | |
| ROBERTS COUNTY, SOUTH DAKOTA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action alleging defendant violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, et seq., by failing to identify and provide, in good faith, "reasonable accommodations" to plaintiff's known physical and mental limitations, and by firing plaintiff in retaliation for complaining about defendant's failure to accommodate. Since plaintiff's motion to continue the telephonic pretrial conference, which this court granted on October 14, 2011, plaintiff has not made any overt effort to set a new date and time for pretrial conference. The court's order conditioned setting a new date and time upon substitute counsel entering an appearance on plaintiff's behalf. Six months later, defendant brought a motion under Fed. R. Civ. P. 41(b) to involuntarily dismiss, with prejudice, this claim for plaintiff's failure to prosecute. Plaintiff's counsel—in keeping with his failure to obtain substitute counsel—did not respond to this motion within the twenty-one days allotted by the Local Rules, D.S.D. Civ. LR 7.1B. Thus, the only facts the court can consider are those provided by defendant.

Defense counsel's affidavit reads as a litany of overtures he made to obtain the compliance of plaintiff's counsel with all discovery requests and the deadlines outlined in the scheduling order. Plaintiff's counsel agreed to these deadlines in the Form 52 report, including the deadline for discovery set for July 15, 2011. There is nothing in the record to show any efforts by plaintiff or plaintiff's counsel to move the case forward or to obtain a new attorney.

1

Defendant sent interrogatories and requests for production of documents to plaintiff's counsel on February 10, 2011. On April 18, 2011, after plaintiff's counsel did not respond to the discovery requests, defense counsel sent plaintiff's counsel a letter reminding him of the outstanding requests and the approaching discovery deadline. Plaintiff's counsel did not respond, resulting in defense counsel's letter of June 21, 2011, where counsel noted that if plaintiff desired to prosecute this case—as the process of discovery had advanced very little—the scheduling order must now be modified. No response and no modification were forthcoming. After the discovery deadline passed, on August 5, 2011, defense counsel sent plaintiff's counsel an e-mail and later, on August 8, 2011, e-mailed Monte Hopper, an attorney practicing in the same firm as plaintiff's counsel. Mr. Hopper responded to defense counsel's correspondence the very next day. Only on August 15, 2011, did plaintiff's counsel respond to defense counsel, conveying his apologies and asserting he would both move to modify the scheduling order *that day* to account for the need for some form of discovery and send the answers to interrogatories "ASAP." Plaintiff's counsel attributed his ten-day delay in responding to defense counsel's e-mail to being "on vacation."

Plaintiff's counsel again went quiet, resulting in defense counsel's e-mails of August 24 and September 8, 2011, imploring plaintiff's counsel to file a motion to modify the scheduling order as soon as possible on account of the approaching telephonic pretrial conference. This court did grant an amended scheduling order, on September 26, 2011, but that order only modified the date of the telephonic pretrial conference. The remainder of the scheduling order, including the deadline for discovery as noted by defense counsel's e-mail to plaintiff's counsel on September 30, 2011, was not modified by plaintiff's motion. Plaintiff's counsel yet again failed to respond to defendant's discovery requests. On October 4, 2011, plaintiff's counsel responded to defense counsel (via e-mail) that he was seeking different counsel to represent his client. Plaintiff's counsel noted that he had contacted some attorneys on October 14, 2011, and that he would be seeking a continuance. As noted above, plaintiff's counsel filed a motion to continue the pretrial conference which was granted by this court. Since that time, plaintiff's counsel has filed nothing with this court. He has not since communicated with this court or,

2

according to affidavits filed with this motion, with opposing counsel on this matter. Whether he has kept his client advised is not known to the court.

Defendant seeks dismissal of this claim because of plaintiff's failure to prosecute the claim. Fed. R. Civ. P. 41(b) permits granting a defendant's motion to dismiss a claim if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Courts, on their own initiative, may also dismiss on these grounds. Haley v. Kansas City Star, 761 F.2d 489, 490 (8th Cir. 1985).

Plaintiff has now had six months since the court signed a continuance order conditioned upon obtaining substitute counsel. Litigants do not have an absolute right to continuances to prepare for trial or to obtain counsel. Schooley v. Kennedy, 712 F.2d 372, 374 (8th Cir. 1983) (per curiam). Plaintiff has not provided any justification for failure to obtain other counsel. Such a delay may be excused by some special circumstance, but without answering this motion, plaintiff gives this court no reason to deny defendant's request for dismissal. A recitation of the facts shows that defense counsel has repeatedly sought the attention of plaintiff's counsel on the need to respond to discovery requests and adhere to deadlines in the case, with virtually no success. Contrary facts may exist but plaintiff has failed to assert any such fact or contrary argument in response to this motion. Indeed, the only reason given in the facts why plaintiff's counsel did not timely respond to deadlines or defendant's communications is provided in his e-mailed response on August 15, 2011, where he states that there was "no excuse for me having not acted on this file."

Defendant desires to dismiss this claim with prejudice and thus has a more difficult burden of proof. "[T]he lesser sanction of dismissal without prejudice . . . mitigates against a finding that the court abused its discretion. Schooley, 712 F.2d at 374. "Dismissal with prejudice under [Rule] 41(b) is a drastic sanction which should be exercised sparingly." Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir. 1983). This is because "the effect of such an order is to forever deny a plaintiff access to the courts for the impartial resolution of potentially meritorious claims." Haley, 761 F.2d 489, 491 (8th Cir. 1985). In order to survive review for abuse of discretion, a district court may only exercise this sanction if there has been "a clear record of

3

delay or contumacious conduct by the plaintiff." Id. (citing Pardee, 712 F.2d at 1292). This concern is also weighed alongside "the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures" and against the consequences to the plaintiff of such a harsh sanction. Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1193 (8th Cir. 1976). This weighting process "focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court." Id. Finally, in determining whether or not to dismiss a case with prejudice, courts must "consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party." Smith v. Gold Dust Casino, 526 F.3d 402, 406 (8th Cir. 2008).

Plaintiff's counsel has acted in an egregious manner. Plaintiff's counsel has not provided a single response to timely interrogatories and requests for production. Defense counsel could not gain the attention of plaintiff's counsel until after the deadline for discovery had passed, and even then, plaintiff's counsel failed to live up to any of the promises he made to defense counsel to correct such dilatory conduct. "A pattern of intentional delay by the plaintiff is sufficiently egregious conduct to warrant dismissal with prejudice." Garrison v. Int'l Paper Co., 714 F.2d 757, 760 (8th Cir. 1983). Such intentional delay includes the willful failure to answer interrogatories. See Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1211 (8th Cir. 1973) (applying this concept to Rule 37(b) dismissal for failure to comply with court-ordered discovery). It also includes the failure to find substitute counsel. This pattern of delay began at least eleven months ago when plaintiff's counsel failed to conduct discovery by the deadline and continues to this day. While the correspondence depicts the dilatoriness of plaintiff's counsel as not being driven by bad intentions, but rather as the result of counsel being "in over his head," such facts do not help plaintiff's case. "Willful as used in the context of . . . failure to prosecute implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance and no wrongful intent need generally be shown." Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 97 (8th Cir. 1971). Even if an attorney is not knowledgeable in the

4

matter of law at issue, an attorney needs to have enough sense to expeditiously direct the client to someone who has the knowledge, to keep the court informed of any such progress, and to ask for modifications of court deadlines within a reasonable time if they will not be met. Failing to meet these basic requirements indicates a clear pattern of intentional delay by plaintiff's lawyer constituting egregious conduct. Plaintiff's lawyer was in a very well respected firm in Watertown, S.D. and could have sought help from other lawyers in that firm.

The only question remaining is whether a sanction other than dismissal with prejudice may provide an adequate remedy for the prejudice suffered by defendant and the delay suffered by this court. Defendant contends that since this case involves events that occurred more than three-and-a-half years ago, the evidence in this case "is likely to become untrustworthy." Presumably, defendant is arguing that dismissing this claim without prejudice and permitting plaintiff to resurrect it later will make the evidence then gathered so stale as to be untrustworthy. Defendant is correct. Plaintiff alleges in her complaint that she was fired on September 9, 2008, after complaining that her disability was not reasonably accommodated. (Compl. ¶¶ 3, 6, 23). The complaint, seeking an ADA remedy, was filed on August 18, 2010. "Under the ADA, an employee must file a charge of discrimination—including failure to accommodate—within 300 days of the alleged discrimination," Henderson v. Ford Motor Co., 403 F.3d 1026, 1032 (8th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)), and must file with the Equal Employment Opportunity Commission, Occidental Life Ins. Co. v. E.E.O.C., 432 U.S. 355, 359 (1977). An inquiry into a lesser sanction is not necessary since this claim was time-barred and did not follow a proper administrative filing when it was first brought in federal court. Additionally, no lesser sanction would provide defendant with an adequate remedy. The short statute of limitations under 42 U.S.C. § 2000e-5 was meant to protect the rights of the person charged by ensuring that the technical evidence associated with employment discrimination claims is preserved. "Limitations statutes . . . are intended to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial." United States v. Levine, 658 F.2d 113, 127 (3d Cir. 1981). It is now over three-and-a-half years since plaintiff was fired.

5

Even if plaintiff were to be permitted to again file this lawsuit, any such suit would be barred by the statute of limitations.

Even if the statute would not be raised as an affirmative defense in a new action, plaintiff would be using stale evidence against defendant. Permitting the plaintiff to bring this claim again would force defendant to rely upon evidence that is at least four times more stale than the evidence should be, as envisioned under the applicable statute of limitations. Defendant's motion to dismiss with prejudice should be granted.

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. # 15, for dismissal for lack of prosecution is granted. This case is dismissed with prejudice and without the taxation of costs.

Dated this 3rd day of May, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ DEPUTY
(SEAL)

6